IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESTERN REFINING SOUTHWEST, INC.,
and WESTERN REFINING PIPELINE, LLC,

    Plaintiffs.

vs.                                                                                                                      Civ. No. 14-804 KG/KK

3.7820 ACRES OF LAND IN McKINLEY COUNTY,
NEW MEXICO; et al.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER STAYING LAWSUIT</u>

        This matter comes before the Court upon the Answer of the United States of America (Answer), filed November 18, 2014. (Doc. 61). Plaintiffs filed a response on December 19, 2014; Defendant United States of America (USA) filed a reply on January 15, 2015; and Plaintiffs filed a surreply on February 27, 2015. (Docs. 121, 139, and 157).

        In its Answer, the USA moves either to dismiss this lawsuit or to stay this lawsuit pending resolution of Plaintiffs' appeal before the Interior Board of Indian Appeals (IBIA). (Doc. 61) at 17-18. The USA, however, subsequently argues only for a stay. (Doc. 139) at 3. The Court, therefore, addresses the sole issue of whether to stay this lawsuit. Having considered the Answer and the accompanying briefs, including Plaintiffs' surreply, the Court grants the USA's request to stay this lawsuit pending resolution of the IBIA appeal.

A. *Background*

        *1. The Administrative Proceedings*

        Plaintiffs had a 20-year right-of-way for a crude oil pipeline through Allotment No. 2073. (Doc. 1) at ¶¶ 2, 15. *See* 25 U.S.C. § 321 (Secretary of Department of Interior can grant 20-year

right-of-way for oil and gas pipeline through an allotment).  Prior to the expiration of the right-of-way on March 31, 2010, Plaintiffs began the right-of-way renewal process.  (Doc. 1) at ¶ 3.  For Plaintiffs to obtain the renewed right-of-way, Plaintiffs must acquire the consent of "the owners or owner of a majority of the interests" in Allotment No. 2073.  *See* 25 C.F.R. § 169.3(c)(2).  *See also* 25 C.F.R. § 169.19 (to renew right-of-way for "a like term of years," consent under § 169.3(c)(2) is necessary).  Moreover, Plaintiffs must pay a consideration to the owners "for any right-of-way … renewed."  25 C.F.R. § 169.12.

On August 2, 2010, the Bureau of Indian Affairs (BIA) Acting Navajo Regional Director (Regional Director) granted Plaintiffs' application for renewal of the right-of-way through Allotment No. 2073.  (Doc. 1) at ¶ 3.  "The Regional Director relied upon the consent of an owner of a 42.5% interest in the Allotment in finding that landowners holding a majority of the undivided interests had consented to renewal of the right-of-way for the compensation offered by Western."  *Adakai v. Acting Regional Director*, 56 IBIA 104, 108 (Jan. 8, 2013).  That particular owner holds a life estate interest in Allotment No. 2073 and had conveyed his interest in the allotment to his eight children as remaindermen.  *Id.* at 107-08.  Plaintiffs did not seek consent from the remaindermen.

Then, one of the interest holders in Allotment No. 2073 filed an IBIA administrative appeal of the BIA Regional Director's decision.  *Id.* at 1.  On January 8, 2013, the IBIA determined that "it was arbitrary and capricious for BIA to grant an unqualified 20-year renewal of the right-of-way by relying on the consent of the life estate owner without also obtaining the consent of the remaindermen, or requiring Western to procure additional consents to achieve a majority of the interests."  *Id.*  Consequently, the IBIA vacated the August 2, 2010, decision and remanded the case to the BIA Regional Director.  *Id.* at 110.  Plaintiffs, thereafter, attempted to

gain the consent of the necessary remaindermen, but were unable to do so. (Doc. 1-6) at 2-3. Accordingly, on April 8, 2014, the BIA Regional Director found that Plaintiffs did not "provide[] evidence of sufficient consent to meet the majority consent requirement established by 25 CFR § 169.3(c)…." (Doc. 1-6) at 3. The BIA Regional Director, therefore, denied the application for a renewal of the right-of-way across Allotment No. 2073. *Id.*

On May 8, 2014, Plaintiffs appealed the BIA Regional Director's April 8, 2014, decision to the IBIA. (Doc. 139) at 5. In their notice of appeal, Plaintiffs primarily argue that obtaining consent of the owner or owners of the majority of the interests in an allotment does not include obtaining the consent of remaindermen. *Id.* at 19. That appeal is still pending.

2. *The Federal Lawsuit*

On September 4, 2014, Plaintiffs filed the present action for condemnation under 25 U.S.C. § 357. (Doc. 1). Section 357 states: "Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State … where located in the same manner as land owned in fee may be condemned…." In this lawsuit, Plaintiffs seek "to condemn a 20-year easement [through Allotment No. 2073], for a term beginning April 1, 2010 and expiring March 30, 2030…." (Doc. 1) at ¶ 57.

B. Discussion

Plaintiffs and the USA agree that the IBIA appeal and the Section 357 condemnation lawsuit "are mutually exclusive" and that the IBIA appeal "does not prohibit Plaintiffs from seeking relief in this case under 25 U.S.C. § 357." (Doc. 139) at 1. Hence, the doctrines of

exhaustion of administrative remedies and primary jurisdiction[1] do not apply in this case. The USA, nonetheless, argues that a stay of this lawsuit is appropriate "to clarify and/or narrow the issues, promote judicial economy and preserve the parties' resources." *Id.* at 3. Plaintiffs oppose a stay arguing that they are entitled to seek condemnation as an alternative to seeking a renewed right-of-way. *See Yellowfish v. City of Stillwater*, 691 F.2d 926, 930 (10th Cir. 1982). Plaintiffs also contend that staying this lawsuit "until the IBIA appeal is concluded will only lead to further delay." (Doc. 121) at 10.

The district court has broad discretion in managing its docket, including the entry of an order staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The district court can stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Tenth Circuit has held that

> [i]n assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977)).

In this case, the briefing on the Answer does not provide a sense, one way or another, of whether the USA would prevail in the IBIA appeal. This first factor, thus, neither supports nor undercuts a decision to grant a stay. The other remaining factors, however, support a stay. First,

---

[1] "The doctrine of primary jurisdiction is 'specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency.'" *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1238 (10th Cir. 2007) (quoting *Reiter v. Cooper,* 507 U.S. 258, 268 (1993)). Here, the IBIA does not have any special competence with respect to New Mexico condemnation law.

if the Court decides not to issue a stay, the USA would have the expense of defending two proceedings[2] which ultimately seek the same relief: use of the right-of-way for a 20-year term. Thus, not issuing a stay would cause the USA to suffer an irreparable harm. Second, although Plaintiffs assert that a stay would harm them by creating "further delay," this assertion is conclusory and unsupported by any specific evidence. Even assuming a lengthy wait for a final decision on the IBIA appeal, the Court cannot assure the parties that a final decision on the condemnation lawsuit would occur prior to the IBIA's final decision. Finally, public interests at stake favor resolving the IBIA appeal before trying the condemnation lawsuit. As Plaintiffs observed in their IBIA Notice of Appeal, Statement of Reasons, and Entry of Appearance,

> [t]he Regional Director's Decision on remand merits special attention because it 1) creates present uncertainty as to the validity of rights-of-ways crossing allotted lands for all right-of-way holders and applicants; 2) will cause unwarranted administrative burdens for both the BIA and right-of-way holders and applicants; and 3) dilutes the value of the compensation paid to the present interest holders of all allotments and their authority to make decisions to realize economic benefit from allotted lands.

(Doc. 139) at 7-8. Considering the above factors, this Court concludes that "economy of time and effort for itself, for counsel, and for litigants" justifies a stay of this lawsuit pending the resolution of the IBIA appeal.

IT IS ORDERED that

1. the USA's request in its Answer of the United States (Doc. 61) for a stay of this litigation until the IBIA appeal is finally determined is granted;

2. the *status quo* will remain in place during the pendency of this stay; and

---

[2] Although the USA is not named as an appellee in the IBIA appeal, its employee, the BIA Regional Director, is the named appellee.

3. when the IBIA appeal is completed, Plaintiffs must file a status report on the outcome of the IBIA appeal and how that outcome affects this lawsuit, if at all.

_____
UNITED STATES DISTRICT JUDGE